Matter of Shreesta R. (Biblop R.) (2019 NY Slip Op 04949)





Matter of Shreesta R. (Biblop R.)


2019 NY Slip Op 04949


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-14391
 (Docket Nos. N-20665-16, N-20666-16, N-20667-16)

[*1]In the Matter of Shreesta R. (Anonymous). Administration for Children's Services, respondent; Biblop R. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Durjoy R. (Anonymous). Administration for Children's Services, respondent; Biblop R. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Bishal R. (Anonymous). Administration for Children's Services, respondent; Biblop R. (Anonymous), appellant. (Proceeding No. 3)


Mark Diamond, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Kathy C. Park and Barbara Graves-Poller of counsel), for respondent.
Christian P. Myrill, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court article 10, the father appeals from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated October 19, 2018. The order, insofar as appealed from, after a fact-finding hearing, denied that branch of the father's motion which was to modify an order of fact-finding and disposition of the same court dated April 10, 2017, so as to grant a suspended judgment.
ORDERED that the order dated October 19, 2018, is affirmed insofar as appealed from, without costs or disbursements.
In October 2016, the Administration for Children's Services filed petitions alleging that the father neglected the subject children by committing acts of domestic violence against their mother in the presence of the children and through the use of excessive corporal punishment. In an order of fact-finding and disposition dated April 10, 2017, made upon consent, the Family Court determined, pursuant to Family Court Act § 1051(a), that the father neglected the children. The court also required the father to complete individual counseling, complete a batterer's educational program, comply with reasonable referrals, and sign releases.
In March 2018, the father moved, inter alia, to modify the order of fact-finding and disposition so as to grant him a suspended judgment pursuant to Family Court Act § 1053 and § 1061. In an order dated October 19, 2018, the Family Court, after a fact-finding hearing, denied the father's motion. The father appeals.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." " The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Aaliyah B. [Althea R.], 170 AD3d 712, quoting Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). " As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d 1017, 1018, quoting Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850).
Here, the record supports the Family Court's determination that the father failed to demonstrate that modifying the order of fact-finding and disposition served the children's best interest (see Matter of Aaliyah B. [Althea R.], 170 AD3d 712; Matter of Frankie S. [Katiria Y.], 155 AD3d 559). Accordingly, the court providently exercised its discretion in denying that branch of the father's motion which was to modify the order of fact-finding and disposition (see Matter of Aaliyah B. [Althea R.], 170 AD3d 712; Matter of Frankie S. [Katiria Y.], 155 AD3d 559).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court